[Cite as *In re E.D.*, 2011-Ohio-2800.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96096

# IN RE: E.D.

# A Minor Child

[Appeal By V.D., Mother]

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD-09900468

**BEFORE:**    Celebrezze, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**    June 9, 2011

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE, C.C.D.C.F.S.**

William D. Mason
Cuyahoga County Prosecutor
BY:   Gina S. Lowe
Assistant Prosecuting Attorney
4261 Fulton Parkway
Cleveland, Ohio   44144


**GUARDIAN AD LITEM FOR CHILD**

Daniel Bartos
13363 Madison Avenue
Lakewood, Ohio   44107


**GUARDIAN AD LITEM FOR MOTHER**

Suzanne Piccorelli
255 Falmouth Drive
Rocky River, Ohio   44116


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Appellant, V.D.,[1] appeals from the judgment of the common pleas

court, juvenile division, terminating her parental rights and granting

---

[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding non-disclosure of identities in juvenile

permanent custody of her child, E.D., to appellee, the Cuyahoga County Department of Children and Family Services ("CCDCFS"). For the following reasons, we affirm.

{¶ 2} On January 9, 2009, CCDCFS filed a complaint alleging that E.D. was a dependent child. In the complaint, CCDCFS gave notice of its intent to take E.D. into custody pursuant to R.C. 2151.31(D) pending a hearing on the merits of the complaint. An adjudicatory hearing was held on March 16, 2009, where appellant admitted that she: (1) had been diagnosed with bipolar disorder and paranoid schizophrenia; (2) had five other children removed from her care, four of whom were committed to the permanent custody of CCDCFS, and one of whom was committed to the legal custody of the child's father; (3) had been homeless for two years preceding the filing of the complaint; (4) was refusing to provide the name of the child's father; and (5) conceded that mental health professionals believed she was unable to independently care for the child. Based on these admissions, the child was adjudged to be dependent and was committed to the temporary custody of CCDCFS.

{¶ 3} CCDCFS developed a case plan designed to reunite appellant with E.D. Under the case plan, appellant was to attend to her mental health issues, complete parenting education classes, obtain safe and appropriate

cases.

housing for the child, and demonstrate an ability to provide for the child's basic needs.

**{¶ 4}** On August 27, 2009, CCDCFS filed a motion requesting permanent custody of the child. That motion was filed because appellant had stopped visiting the child and had not seen the child since April 30, 2009. Additionally, appellant was not complying with mental health recommendations, had not taken steps toward completing parenting education classes, and had failed to secure safe and stable housing for the child.

**{¶ 5}** An evidentiary hearing on the motion for permanent custody was held October 14, 2010. On that date, the child had been in the custody of CCDCFS for one year, nine months, and five days.

**{¶ 6}** CCDCFS social worker, Matthew Goodwin, testified at trial and described appellant's long history of mental health problems. He also described appellant's history with child protective services and her inability to successfully parent her other five children. For those reasons, and because appellant was residing with an individual who had been indicted on 35 counts of sexually oriented crimes against a child, Goodwin stated that he believed permanent custody was in the child's best interest.

**{¶ 7}** At the conclusion of the evidentiary hearing, appellant announced to the court that she was in agreement with the child being committed to the permanent custody of CCDCFS. She had previously indicated to Goodwin

that she wished for E.D. to be adopted by the current foster parents. The child's guardian ad litem agreed and recommended to the court that permanent custody was in the child's best interest.

{¶ 8} Based on the evidence presented at the hearing, the trial court granted permanent custody of the child to CCDCFS. From these findings and order, appellant appeals, raising one assignment of error for review.

## Law and Analysis

{¶ 9} In her sole assignment of error, appellant argues that the trial court's order granting permanent custody to CCDCFS was not based upon sufficient clear and convincing evidence. We disagree.

## Standard of Review

{¶ 10} A trial court's authority to award permanent custody of a child to the state arises under R.C. 2151.414. Under the statute, the court is required to grant permanent custody of a child to the state if it determines, by clear and convincing evidence, that: (1) the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors enumerated in R.C. 2151.414(D); and (2) the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, pursuant to at least one of the factors listed in R.C. 2151.414(E).

{¶ 11} Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence' but not to the extent of such certainty required 'beyond a reasonable doubt' in criminal

cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *In re Awkal* (1994), 95 Ohio App.3d 309, 315, 642 N.E.2d 424, citing *Lansdowne v. Beacon Journal Pub. Co.* (1987), 32 Ohio St.3d 176, 180-181, 512 N.E.2d 979.

{¶ 12} Where clear and convincing proof is required at trial, a reviewing court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. *In re T.S.*, Cuyahoga App. No. 92816, 2009-Ohio-5496, ¶24, citing *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54. Judgments supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id.

{¶ 13} Thus, we must look to the entire record to determine whether the trial court had sufficient evidence to clearly and convincingly find that it was in E.D.'s best interest to place her in the permanent custody of CCDCFS and that she could not or should not be placed with appellant within a reasonable period of time. After a thorough review of the evidence, we conclude that the trial court's judgment was based on sufficient evidence.

## Best Interest Determination

{¶ 14} In considering an award of permanent custody, the court must first determine whether, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody. R.C. 2151.414(D). In determining the best interest of the child during the permanent custody

hearing, the court must consider the factors listed in R.C. 2151.414(D), which include the reasonable probability the child will be adopted; the interaction of the child with parents, siblings, and foster parents; the wishes of the child; the custodial history of the child; and the child's need for a legally secure permanent placement.

{¶ 15} R.C. 2151.414(D) does not require the juvenile court to find that each best interest factor applies, only that it consider each one. *In re Shaeffer Children* (1993), 85 Ohio App.3d 683, 621 N.E.2d 426. One factor enumerated in R.C. 2151.414(D) is not given greater weight than the others. Id. at ¶56. This court has "consistently held that only one of the factors set forth in R.C. 2151.414(D) needs to be resolved in favor of the award of permanent custody in order for the court to terminate parental rights." *In re Z.T.*, Cuyahoga App. No. 88009, 2007-Ohio-827, ¶56; see, also, *In re P.C.*, Cuyahoga App. Nos. 90540 and 90541, 2008-Ohio-3458, ¶31, citing *In re C.H.*, Cuyahoga App. Nos. 82258 and 82852, 2003-Ohio-6854, ¶34.

{¶ 16} R.C. 2151.414(D)(1)(a) deals with the interaction and interrelationship of the child with various significant individuals in the child's life, including parents, siblings, relatives, and foster care givers. At the evidentiary hearing, the court accepted evidence that the child had resided with her foster parents since she was seven days old, was attached to her care givers, and was thriving under their supervision. Further, the child's guardian ad litem expressed to the court that he believed permanent

custody was in the child's best interest and testified that the foster parents provided the child with a loving home and had expressed their interests in adopting her.

**{¶ 17}** In light of the interaction and interrelationship the foster parents shared with E.D., coupled with the recommendation of her guardian ad litem, the grant of permanent custody based on the child's best interests was supported by clear and convincing evidence under this section.

**{¶ 18}** Pursuant to R.C. 2151.414(D)(1)(c), the trial court is to consider the custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for 12 or more months of a consecutive 22-month period. The record reflects that E.D. was removed from appellant's care on January 9, 2009. Thereafter, a dispositional proceeding on CCDCFS's motion for permanent custody was held on October 14, 2010. At the time of that hearing, the child had been in CCDCFS's custody for one year, nine months, and five days. Sufficient evidence was therefore presented for the trial court to have concluded that permanent custody was in the child's best interest in light of the child's custodial history under this section.

**{¶ 19}** R.C. 2151.414(D)(1)(d) considers the child's need for a legally secure placement and whether such can be achieved without a grant of permanent custody. In this case, CCDCFS developed a case plan specifically for appellant with the ultimate goal being reunification. However, Goodwin

testified that appellant failed to complete the goals outlined in the case plan. As stated by the trial court, "[t]he parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child."

{¶ 20} In light of appellant's continuous and repeated failure to remedy the conditions causing the child to be placed outside of her home, it was not an abuse of discretion for the trial court to have determined that the child could not achieve a legally secure permanent placement without a grant of permanent custody to CCDCFS.

{¶ 21} Upon our review of the record, we find that the trial court weighed all relevant factors enumerated in R.C. 2151.414(D) and properly concluded that permanent custody was in the best interests of the child. The trial court's judgment was based on clear and convincing evidence and did not constitute an abuse of discretion.

## Placement with Either Parent

{¶ 22} Next, the trial court was required to determine whether the child could not or should not be placed with appellant within a reasonable period of time. This analysis is guided by R.C. 2151.414(E), which sets forth 16 factors that the court may consider in its determination. It provides that if the trial court finds by clear and convincing evidence that any of the 16 factors exists, the court must enter a finding that the child cannot or should

not be placed with either parent within a reasonable period of time. *In re P.C.,* ¶19.

{¶ 23} In the instant case, after considering the evidence and the report of the child's guardian ad litem, the trial court found by clear and convincing evidence that the child could not and should not be placed with appellant within a reasonable period of time pursuant to R.C. 2151.414(E)(1)-(2), (4).

{¶ 24} After careful review of the record, we find that there was ample evidence to support the trial court's finding. As discussed, the testimony presented at trial established that CCDCFS developed a case plan with appellant with the goal of reuniting her with E.D. upon successful completion of the case plan. Under the case plan, appellant was required to comply with mental health treatment recommendations; attend parenting education classes; obtain safe and appropriate housing; and demonstrate an ability to provide for the child's basic needs. However, appellant failed to show consistency in following treatment and medical recommendations; failed to attend parenting education classes; and, at the time of the permanent custody trial, appellant was residing with an individual who had been indicted on 35 counts of sexually oriented charges against a child. Ultimately, appellant was unable to successfully comply with the standards developed in her case plan.

{¶ 25} Further, the record indicates that appellant has had five other children removed from her care due to her mental health issues and inability

to appropriately parent. Four of those children were committed to the permanent custody of CCDCFS, and one was committed to the legal custody of that child's father. At the time of the evidentiary hearing, appellant failed to establish that, notwithstanding her prior parental terminations, she was capable of providing legally secure permanent placement and adequate care for the health, welfare, and safety of E.D.

{¶ 26} Collectively, the evidence presented at the evidentiary hearing was sufficient to support the trial court's ruling that the child could not be placed with appellant within a reasonable time.

{¶ 27} Finding no error in the trial court's grant of permanent custody to CCDCFS, appellant's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR